**LaMONICA HERBST & MANISCALCO, LLP**       **Hearing Date: March 28, 2024 at 10:00 a.m.**
*Counsel to Plaintiff Lori Lapin Jones, as Chapter 7 Trustee*      **Objection Deadline: 5:00 p.m. on March 21, 2024**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:      Chapter 7

JONES DIVERSITY, INC.,      Case No.: 22-42698-jmm

         Debtor.
-------------------------------------------------------------------x
LORI LAPIN JONES, solely in her capacity as the
Chapter 7 Trustee of the bankruptcy estate of Jones      Adv. Pro. No.: 24-01019-jmm
Diversity, Inc.,

         Plaintiff,

    -against-

O-H COMMUNITY PARTNERS LTD., and
SHARON JONES,

         Defendants.
-------------------------------------------------------------------x

### NOTICE OF HEARING ON MOTION, PURSUANT TO 11 U.S.C. § 105(a) AND RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO APPROVE <u>STIPULATION OF SETTLEMENT</u>

**PLEASE TAKE NOTICE** that a hearing ("<u>Hearing</u>") will be conducted on **March 28, 2024 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East - Suite 1595, Brooklyn, New York 11201-1800, on the motion ("<u>Motion</u>") of plaintiff Lori Lapin Jones, solely in her capacity as the Chapter 7 Trustee ("<u>Trustee</u>") of the bankruptcy estate of Jones Diversity, Inc., seeking, pursuant to section 105(a) of Title 11 of the United States Code and Rule 9019(a) of the Federal

Rules of Bankruptcy Procedure, approval of the Stipulation of Settlement between the Trustee and defendants O-H Community Partners Ltd. and Sharon Jones.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted either in person, by phone, or by videoconference. Regardless of whether a hearing is by phone, videoconference, or in person, all hearing participants must register with eCourt Appearances in advance of every appearance. eCourt Appearances registration is required by attorneys and non-attorneys. Instructions and the link to register using eCourt Appearances may be found here: https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances. Those unable to access eCourt Appearances must email Judge Mazer-Marino's Courtroom Deputy at: jmm_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.[1]

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must: (i) be in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the Clerk of the Court; and (iv) be served upon counsel to the Trustee, LaMonica Herbst & Maniscalco, LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793, Attn: Holly R. Holecek, Esq., Email: hrh@lhmlawfirm.com, so as to be received **no later than 5:00 p.m. on March 21, 2024**.

---

[1] Additional instructions may be found here: https://www.nyeb.uscourts.gov/content/judge-jil-mazer-marino.

Case 1-24-01019-jmm    Doc 3    Filed 02/23/24    Entered 02/23/24 15:36:44

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time without further notice other than by an announcement of the adjourned date at the Hearing.

Dated: February 23, 2024
       Wantagh, New York

                          **LaMONICA HERBST & MANISCALCO, LLP**
                          *Counsel to Plaintiff Lori Lapin Jones, as Chapter 7 Trustee*

              By:    *s/ Holly R. Holecek*
                      Holly R. Holecek, Esq.
                      A Partner of the Firm
                      3305 Jerusalem Avenue, Suite 201
                      Wantagh, New York 11793
                      Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Lori Lapin Jones, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                              Chapter 7

JONES DIVERSITY, INC.,                              Case No.: 22-42698-jmm

               Debtor.
-----------------------------------------------------------------x
LORI LAPIN JONES, solely in her capacity as the
Chapter 7 Trustee of the bankruptcy estate of Jones     Adv. Pro. No.: 24-01019-jmm
Diversity, Inc.,

               Plaintiff,

    -against-

O-H COMMUNITY PARTNERS LTD., and
SHARON JONES,

               Defendants.
-----------------------------------------------------------------x

**MOTION, PURSUANT TO 11 U.S.C. § 105(a) AND RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO APPROVE <u>STIPULATION OF SETTLEMENT</u>**

TO THE HONORABLE JIL MAZER-MARINO,
UNITED STATES BANKRUPTCY JUDGE:

      Plaintiff Lori Lapin Jones, solely in her capacity as the Chapter 7 Trustee ("<u>Trustee</u>") of the bankruptcy estate of Jones Diversity, Inc. ("<u>Debtor</u>"), seeks, pursuant to section 105(a) of Title 11 of the United States Code ("<u>Bankruptcy Code</u>") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>"), approval of the Stipulation of Settlement between the Trustee and defendants O-H Community Partners Ltd. ("<u>OHCP</u>") and Sharon Jones, individually, ("<u>Jones</u>," and together with OHCP, the "<u>Defendants</u>"), a copy of which is annexed

as Exhibit A ("Stipulation"), and respectfully sets forth as follows:

## JURISDICTION

1. The Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought in this Motion include section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a).

## BACKGROUND

5. On October 28, 2022 ("Filing Date"), a voluntary petition for relief under Chapter 7 of the Bankruptcy Code was filed on the Debtor's behalf in the United States Bankruptcy Court for the Eastern District of New York ("Court"). Jones executed the Debtor's voluntary petition and schedules as President of the Debtor. The Debtor's schedules list general unsecured debt totaling $117,161.35, which is comprised of two scheduled creditors.

6. On December 1, 2022, Jones testified on the Debtor's behalf at a meeting of creditors conducted by the Trustee pursuant to section 341(a) of the Bankruptcy Code.

7. By Order dated March 27, 2023, the Court approved the Trustee's employment of counsel to represent her.

8. By Order dated June 2, 2023, the Court approved the Trustee's employment of accountants to represent her.

9. The Debtor's books and records reflect various transfers to OHCP in 2020 and 2021 totaling $623,552.64 (collectively, "Transfers"). At all relevant times, Jones was the President and sole officer of OHCP.

10. By complaint dated February 6, 2024 ("Complaint"), the Trustee seeks to avoid the Transfers and seeks judgment against OHCP and Jones relating to the Transfers.

11. The Defendants each deny the allegations in the Complaint and each assert that, absent settlement, they would zealously defend against those allegations. The Defendants each assert that the Transfers were in the normal course of business operations between the Debtor and OHCP and were used to fund payroll and benefit costs as well as shared expenses.

12. The Trustee and the Defendants engaged in arm's-length negotiations and determined, without admitting liability of any kind, to resolve the claims asserted in the Trustee's Complaint on the terms and subject to the conditions set forth in the Stipulation annexed as Exhibit A.

## RELIEF REQUESTED AND BASIS FOR RELIEF

13. By this Motion, the Trustee seeks approval of the Stipulation as being fair, equitable and in the best interests of the Debtor's estate in accordance with section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a). For the reasons set forth more fully below, the Trustee believes that the agreement reflected in the Stipulation falls well above the lowest point in the range of reasonableness and urges the Court to approve the Stipulation. A proposed Order is annexed as Exhibit B.

**A.    The Terms of the Stipulation**

14. The following is intended to be a summary of certain salient terms of the Stipulation. The Trustee respectfully refers the Court and all parties to the Stipulation that is annexed as Exhibit A for its complete terms and conditions.

15. The Stipulation provides that, in full and final satisfaction of the claims asserted in the Complaint, Jones shall pay the sum of $150,000("Settlement Sum") to the Trustee. See Exhibit

A at p. 2, ¶2. The Stipulation provides that the Settlement Sum shall be paid as follows: (a) $30,000 ("Deposit") simultaneously with the execution of the Stipulation; and (b) $120,000 ("Balance") within seven (7) days of the Effective Date of the Stipulation. See id. Pursuant to the Stipulation, the Effective Date shall be the date upon which the Order of the Court approving the Stipulation becomes final and non-appealable. See id. The Deposit was paid to the Trustee.

16. The Stipulation provides for mutual releases between on the one hand, the Trustee and, on the other hand, the Defendants relating to the Transfers and/or the Debtor. See Exhibit A at pp. 3-4, ¶¶ 3, 4. The release of the Defendants and the dismissal of this adversary proceeding is contingent on the Trustee's receipt and clearance of the entire Settlement Sum. See id. at ¶ 3

17. The Stipulation provides that neither Jones nor OHCP shall file a proof of claim in the Debtor's case, however, if there is a surplus under a Trustee's Final Report resulting from the Settlement Sum, then Jones shall be entitled to any surplus proceeds following approval of such Trustee's Final Report. See Exhibit A at p. 4, ¶ 5.

18. The above is intended to be only a summary of the more salient terms of the Stipulation. The Trustee respectfully refers the Court and all parties to the Stipulation that is annexed as Exhibit A for its complete terms and conditions.

**B.    The Stipulation Should be Approved**

   **i.    *Legal Standards***

19. Settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate. See In re Dewey & Leboeuf L.L.P., 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012).

20. Under Bankruptcy Rule 9019, the court has the authority to "approve a compromise or settlement." FED. R. BANKR. P. 9019(A). A court must determine that a settlement under

4

Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement. See In re Drexel Burnham Lambert Grp., Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing Protective Comm. for Indep. S'holders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1968)). See also Topwater Exclusive Fund III, L.L.C. v. SageCrest II, L.L.C. (In re Sagecrest II), Nos. 3:10cv978 (SRU), 3:10cv979 (SRU), 2011 WL 134893, at *8-9 (D. Conn. Jan. 14, 2011); Cousins v. Pereira (In re Cousins), No. 09 Civ. 1190(RJS), 2010 WL 5298172, at *3 (S.D.N.Y. Dec. 22, 2010); In re Chemtura Corp., 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010); In re Lehman Bros. Holdings, Inc., 435 B.R. 122, 134 (S.D.N.Y. 2010).

21.  A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Chemtura, 439 B.R. at 594 (quoting In re W.T. Grant, Co., 699 F.2d 599, 608 (2d Cir. 1983)) (internal quotations omitted). However, the court is not required to go so far as to conduct a trial on the terms to approve a settlement. Id. Rather, the court may rely upon the opinions of the trustee, the parties and their attorneys to evaluate the settlement and to make an independent judgment. See In re Adelphia Commc'ns. Corp., 368 B.R. 140, 225-26 (Bankr. S.D.N.Y. 2007).

22.  The court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." O'Connell v. Packles (In re Hilsen), 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (quoting TMT Trailer Ferry, 390 U.S. at 424) (internal quotations omitted). The United States Court of Appeals for the Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in Motorola, Inc. v. Off. Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. 2007). The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted

> litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;" (4) whether other parties in interest support the settlement; (5) "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors;" and (7) "the extent to which the settlement is the product of arm's length bargaining."

Id. (internal citations omitted). The burden is on the settlement proponent to persuade the court that the settlement is in the best interests of the estate. See 8 NORTON BANKRUPTCY LAW AND PRACTICE 3D § 167:2 (3d ed. 2011).

### ii.   *The Stipulation Falls Above the Lowest Point in the Range of Reasonableness*

23.   Here, the Trustee determined in her reasonable business judgment that settling now is in the best interests of the estate and that the settlement embodied in the Stipulation is fair and reasonable within the governing standards outlined above. In assessing the settlement, the Court should consider (as the Trustee has) the following:

   a. The balance between the litigation's possibility of success and the settlement's future benefits. Although litigation is in the preliminary stages, the Defendants each assert that all the Transfers were in the normal course of business operations between the Debtor and OHCP and were used to fund payroll and benefit costs as well as shared expenses. The outcome of litigation is necessarily unpredictable. The Stipulation results in a cash payment to the Debtor's estate, avoids any risk of an unfavorable judgment, and results in closure.

   b. The likelihood of complex and protracted litigation absent a settlement. The Defendants each deny the allegations in the Complaint and each assert that, absent settlement, they would zealously defend against those allegations. Thus, absent a

        settlement, litigation would be highly contested and protracted, and there necessarily would be substantial administrative fees and expenses to prosecute the estate's claims to finality. The Stipulation avoids the attendant delays and expenses of contested litigation.

    c. The interests of creditors. The Debtor scheduled two creditors on its Schedule E/F. Jones has represented in the Stipulation that all of the Debtor's known creditors were listed in the Debtor's schedules that were filed with the Court and that, as of February 22, 2024, Jones is not aware of any other creditors of the Debtor. If the Court approves the settlement and the Balance is paid to the Trustee in accordance with the Stipulation, the Trustee expects to promptly proceed to wind down the Debtor's estate and, <u>inter</u> <u>alia</u>, to file an estate tax return and submit a Trustee's Final Report to the United States Trustee. Based on the information known by the Trustee to date, it is anticipated that creditors would receive a substantial, if not 100%, distribution from the Debtor's estate. Absent the settlement embodied in the Stipulation, it is uncertain whether creditors will receive any distribution as the Trustee has not recovered any other funds in this case.

    d. The timing and mutuality of the releases. The Stipulation provides for the exchange of mutual releases relating to the Transfers and/or the Debtor. The release of the Defendants is contingent upon the Trustee's receipt and clearance of the entire Settlement Sum. In the context of this settlement, these mutual releases are both necessary and appropriate.

    24. The Trustee exercised her business judgment to settle with the Defendants at the early stages of this proceeding and to do so on the terms and conditions of the Stipulation. At all

times, the Trustee and Defendants were represented by separate counsel, and the agreement reflected in the Stipulation is the product of arm's-length negotiations.

25. For these reasons, and as more fully set forth in this Motion, the Trustee respectfully requests approval of the Stipulation.

## NOTICE AND NO PRIOR REQUEST

26. Notice of this Motion will be provided in accordance with Bankruptcy Rule 2002(a)(3).

27. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order, substantially in the form annexed as Exhibit B: (i) approving the Stipulation; and (ii) granting the Trustee such other and further relief as may be just and appropriate.

Dated: February 23, 2024
      Wantagh, New York

                              **LaMONICA HERBST & MANISCALCO, LLP**
                              *Counsel to Plaintiff Lori Lapin Jones, as Chapter 7 Trustee*

                  By:    *s/ Holly R. Holecek*
                          Holly R. Holecek, Esq.
                          A Partner of the Firm
                          3305 Jerusalem Avenue, Suite 201
                          Wantagh, New York 11793
                          Telephone: (516) 826-6500