# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                                    Chapter 7

JONES DIVERSITY, INC.,                                             Case No.: 22-42698-jmm

          Debtor.
-----------------------------------------------------------------x
LORI LAPIN JONES, solely in her capacity as the
Chapter 7 Trustee of the bankruptcy estate of Jones     Adv. Pro. No.: 24-01019-jmm
Diversity, Inc.,

          Plaintiff,

-against-

O-H COMMUNITY PARTNERS LTD., and
SHARON JONES,

          Defendants.
-----------------------------------------------------------------x

## STIPULATION OF SETTLEMENT

Plaintiff Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Jones Diversity, Inc. ("Debtor"), and defendants O-H Community Partners LTD. ("OHCP") and Sharon Jones, individually, ("Jones," and together with OHCP, the "Defendants") hereby stipulate and agree as follows:

### RECITALS

A.    On October 28, 2022 ("Filing Date"), a voluntary petition for relief under Chapter 7 of title 11 of the United States Code ("Bankruptcy Code") was filed on the Debtor's behalf in the United States Bankruptcy Court for the Eastern District of New York ("Court").

B.    Jones executed the Debtor's voluntary petition and schedules as President of the Debtor.

C.    Jones represents that all of the Debtor's known creditors were listed in the Debtor's

schedules that were filed with the Court and, as of the date of this Stipulation of Settlement ("Stipulation"), Jones is not aware of any other creditors of the Debtor.

D. Lori Lapin Jones is the Chapter 7 Trustee of the Debtor's estate.

E. The Debtor's books and records reflect various transfers to OHCP in 2020 and 2021 totaling $623,552.64 (collectively, "Transfers").

F. At all relevant times, Jones was the President and sole officer of OHCP.

G. By complaint dated February 6, 2024 ("Complaint"), the Trustee seeks to avoid the Transfers and seeks judgment against OHCP and Jones relating to the Transfers.

H. The Defendants each deny the allegations in the Complaint and each assert that, absent settlement, they would zealously defend against those allegations.

I. The Defendants each assert that all the Transfers were in the normal course of business operations between the Debtor and OHCP and were used to fund payroll and benefit costs as well as shared expenses.

J. The Trustee, OHCP and Jones (each a "Party" and collectively "Parties") engaged in arm's-length negotiations and determined, without admitting liability of any kind, to resolve the claims asserted in the Trustee's Complaint on the terms and subject to the conditions set forth in this Stipulation.

## TERMS AND CONDITIONS

1. The Recitals set forth above are true and correct and incorporated in the body of this Stipulation by reference hereby with the same force and effect as if set forth at length herein.

2. Jones shall pay the sum of $150,000 ("Settlement Sum") to the Trustee in full and final satisfaction of the claims asserted in the Complaint. The Settlement Sum shall be paid as follows: (a) $30,000 ("Deposit") simultaneous with the execution of this Stipulation; and (b)

$120,000 ("Balance") within seven (7) days of the Effective Date of this Stipulation. The Deposit and the Balance shall be paid either by wire transfer drawn on an account of Jones (instructions to be provided separately) or by checks drawn on an account of Jones, issued to "Lori Lapin Jones, as Trustee" and delivered by overnight courier to the Trustee at 98 Cutter Mill Road, Suite 255 South, Great Neck, New York 11021. The Effective Date shall be the date upon which the Order of the Court approving this Stipulation becomes final and non-appealable.

3. Upon the later of the Effective Date and the date that the entire Settlement Sum clears the estate's account: (a) the Trustee, on behalf of the Chapter 7 estate, the Trustee's professionals, and the Debtor, shall be deemed to have, and shall have, released and forever discharged OHCP and Jones from any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which the Trustee, the Trustee's professionals and the Debtor's estate have, had, may have had, or may ever claim to have, against OHCP and Jones relating to the Transfers and/or the Debtor; and (b) the Complaint shall be dismissed with prejudice, but this release shall not release Jones or OHCP of any obligation under this Stipulation.

4. Upon the Effective Date, OHCP and Jones each shall be deemed to have, and each shall have, released and forever discharged the Trustee, the Trustee's professionals, the Debtor and the Debtor's estate from any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which OHCP or Jones have, had,

may have had, or may ever claim to have, against the Trustee and the Debtor's estate relating to the Transfers and/or Debtor, but this release shall not release the Trustee of any obligation under this Stipulation.

5. Neither Jones nor OHCP shall file a proof of claim in the Debtor's case, <u>provided, however</u>, if there is a surplus under a Trustee's Final Report resulting from the Settlement Sum, then Jones shall be entitled to any surplus proceeds following approval of such Trustee's Final Report.

6. This Stipulation is a compromise and settlement of disputed claims and is the product of arm's-length negotiations. The Parties each understand and agree that the execution and delivery of this Stipulation shall not constitute or be construed as an admission or adjudication, express or implied, of any liability whatsoever with respect to any claims that are the subject matter of this Stipulation, or any issue of fact, law, or liability of any type or nature with respect to any matter whether or not referred to herein, and none of the Parties hereto has made such an admission. This Stipulation and its terms are entitled to all applicable evidentiary privileges concerning settlement discussions and offers of compromise.

7. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior and contemporaneous agreements, negotiations and discussions between the Parties hereto and/or their respective counsel with respect to the subject matters evidenced by this Stipulation. Any amendment to this Stipulation must be in writing and signed by each of the Parties hereto and must expressly state that it is the intention of each of the Parties hereto to amend the Agreement.

8. This Stipulation was fully negotiated by the Parties. Each Party acknowledges that it has read all the terms of this Stipulation and is entering into this Stipulation voluntarily and

without duress and each party has been represented by counsel of its choice at all times or has had a fair opportunity to consult with counsel of its choice. Each Party acknowledges and agrees that this Stipulation was drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Stipulation.

9. Each Party to this Stipulation shall bear her/its own attorneys' fees and costs.

10. This Stipulation shall be binding upon the Parties and their respective heirs, executors, successors, administrators and assigns.

11. This Stipulation may not be amended or modified other than in writing executed by each of the Parties.

12. In the event the Court declines to approve the Stipulation: (a) the Stipulation shall become null, void, and of no further force or effect, nothing contained herein shall be deemed an admission by any of the Parties, and each of the Parties reserves all rights on all issues; and (b) the Trustee shall return the Deposit to Jones within seven (7) business days.

13. This Stipulation and any claim related directly or indirectly to this Stipulation shall be governed by and construed in accordance with the laws of the State of New York.

14. This Stipulation may be executed and delivered in any number of counterparts, each of which so executed and delivered shall be deemed to be an original and all of which shall constitute one and the same document. Each Party may evidence her/its execution of this Stipulation by delivery to the other Parties of scanned or faxed copies of her/its signature, with the same effect as the delivery of an original signature.

15. The Court shall retain exclusive jurisdiction over the subject matter of this Stipulation.

IN WITNESS WHEREOF, each Party has caused this Stipulation to be duly executed and delivered as of 22nd day of February 2024.

| | |
|---|---|
| LORI LAPIN JONES, SOLELY AS CHAPTER 7 TRUSTEE OF JONES DIVERSITY INC.<br><br>By: _____ 2/22/24<br>Lori Lapin Jones, *Trustee*<br><br>LaMONICA HERBST & MANISCALCO, LLP<br>Counsel to Plaintiff Lori Lapin Jones, as Trustee<br><br>By: _____<br>Holly R. Holecek, Esq.<br>A Partner of the Firm<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>Telephone: (516) 826-6500 | O-H COMMUNITY PARTNERS LTD.<br><br>By: _____<br>Sharon Jones, *President*<br><br>_____<br>Sharon Jones, *Individually* |